IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WANDA DUTSCHMANN, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CASE NO. 6:22-CV-00094-ADA-JCM |
| § | |
| CITY OF WACO, et al., § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court is Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 1).

In federal court, a party may conduct her own case personally ("*pro se*") or by counsel. 28 U.S.C. § 1654. "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Martin v. City of Alexandria*, 198 Fed. Appx. 344, 346 (5th Cir. 2006) (per curiam) (citing *Iannacone v. Law*, 142 F.3d 553, 558 (2nd Cir. 1998)). A power of attorney relationship between a plaintiff and the layperson appearing on her behalf does not change this principle. *Hill v. First Financial Bank Shares*, 2017 WL 838267, at *2 (N.D. Tex. Mar. 2, 2017).

Marcie Schreck filed this Motion and signed the proposed Complaint as "Attorney-in-Fact For Wanda Dutschmann." Schreck claims to have a durable power of attorney for Plaintiff. The Court offers no opinion as to the validity of Schreck's durable power of attorney because Schreck cannot bring this action in any representative capacity *pro se*. To the Court's knowledge, Schreck is not a licensed attorney admitted to practice in the Western District of Texas. An individual that is not licensed to practice law cannot use representative devices "as an artifice for the unauthorized practice of law." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978). In other words, merely being

1

"attorney-in-fact" does not permit Schreck to represent others in federal courts; Schreck must also be admitted to practice in each federal court. Thus, Schreck cannot appear *pro se* in Plaintiff's lawsuit on Plaintiff's behalf.

Federal Rule of Civil Procedure 11(a) requires that "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." The pleading lacks Plaintiff Wanda Dutschmann's signature, and the "attorney-in-fact" signature of Schreck does not qualify as a signature of an attorney of record admitted to practice in this Court.

Finally, the Court notes that, to the extent Schreck claims any representative capacity to bring Plaintiff's suit, compliance with Federal Rule of Civil Procedure 17 is still required in addition to representation by a licensed attorney.

The Court **ORDERS** Plaintiff to show cause why this action should not be dismissed. Plaintiff must show, within thirty (30) days from the date of this Order, either: (1) that Schreck is a licensed attorney admitted to practice law in the Western District of Texas; (2) that Plaintiff is proceeding *pro se* herself; or (3) that Plaintiff has retained any licensed attorney admitted to practice law in the Western District of Texas. **Failure to comply with this Order in a timely manner will result in dismissal.**

Until such cause is shown, Schreck cannot bring Plaintiff's claim *pro se*, and Schreck also cannot sign Plaintiff's Application to Proceed In Forma Pauperis on Plaintiff's behalf.  Therefore, the Court **ORDERS** the Motion to Proceed In Forma Pauperis **DENIED AS MOOT WITHOUT PREJUDICE TO REFILING.** Plaintiff Wanda Dutschmann may refile her Application to Proceed In Forma Pauperis on her on own behalf after compliance with this Order or under representation by an attorney authorized to practice in the Western District of Texas.

SIGNED this 27th day of January, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE