IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WANDA DUTSCHMANN, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CASE NO. 6:22-CV-00094-ADA-JCM |
| CITY OF WACO, et al., | § § § | |
| Defendants. | § § § | |

**ORDER DENYING PENDING MOTIONS AND ENFORCING INJUNCTION**

Before the Court is Plaintiff Marice Schreck's Emergency Motion for Recusal of Judge Alan D Albright (Dkt. No. 9), Motion to Proceed as Next Friend of Wanda Dutschmann (Dkt. No. 10), and Motion for Reconsideration of Omnibus Order (Dkt. No. 11). The Court **DENIES** all pending motions. Moreover, Marice Schreck's filings triggered the February 12, 2018 injunction ordered by U.S. District Judge Thomas W. Thrash, Jr. in *Windsor v. Hatten*, No. 1:11-CV-1923-TWT, 2018 WL 830174 (N.D. Ga.). The Court **ORDERS** compliance with the injunction before any further proceeding in this case.

**ORDER ENFORCING INJUNCTION AND DENYING MOTION TO RECUSE**

Plaintiff Marice Schreck filed this lawsuit *pro se* and as attorney-in-fact for Plaintiff Wanda Dutschmann. The Complaint alleges over fifty defendants have harmed Wanda Dutschmann. Dkt. No. 1-1. The defendants include individuals, judges, cities, courts, organizations, officers, counties, businesses, and state and federal organizations. *Id.* In preparing the Complaint, Marice Schreck worked with Mr. William M. Windsor and attached his declaration to the Complaint. *See* Dkt. No. 1-6. Marice Schreck signed the Complaint on both her own behalf and allegedly as an attorney-in-fact for Wanda Dutschmann. The Court ordered Marice Schreck to show that she is

1

admitted by this Court to represent others in the U.S. District Court for the Western District of Texas. Dkt. No. 3. She did not. Marice Schreck then filed a Motion for Recusal of U.S. District Judge Judge Alan D. Albright. Dkt. No. 9.

On February 12, 2018, U.S. District Judge Thomas W. Thrash, Jr. issued the following injunction against William M. Windsor and any parties acting in concert with him or at his behest:

> IT IS HEREBY ORDERED that the Plaintiff, William M. Windsor, and any parties acting in concert with him or at his behest, are PERMANENTLY ENJOINED from filing any complaint or initiating any proceeding, including any new lawsuit or administrative proceeding, in any court (state or federal) or agency in the United States without first obtaining leave of a federal district court in the district in which the new complaint or proceeding is to be filed. In seeking such leave, the Plaintiff must present any such court with a copy of this Order. If the lawsuit or administrative proceeding names federal judges or court employees, the Plaintiff must also tender a $50,000.00 cash bond or a $50,000.00 corporate surety bond sufficient to satisfy an award of Rule 11 sanctions since such actions are presumably frivolous.

*Windsor v. Hatten*, No. 1:11-CV-1923-TWT, 2018 WL 830174 (N.D. Ga.) (appended).

The Court finds that Marice Schreck has acted in concert or at the behest of Mr. William M. Windsor. This finding is supported by the attachment of Mr. Windsor's affidavit to the Complaint. Moreover, the affidavit of Mr. Windsor is substantially similar in style and merit to the Complaint and other filings, suggesting his cooperation with Marice Schreck in preparing the complaint and other filings. *Compare* Dkt. No. 1-6 *with* Dkt. No. 1-1. Mr. Windsor's declaration uses the same font, spacing, and formatting. Moreover, Mr. Windsor's declaration contains deficiencies of merit, such the inclusion of arguments, conclusions of law, unqualified statements of fact, and statements made on "information and belief." Dkt. No. 1-6, *passim*. Because other filings by Marice Schreck contain these same types of deficiencies, supporting the Court's finding that Marice Schreck has acted in concert or at the behest of Mr. William M. Windsor.

The Court finds that Marice Schreck has instituted an administrative proceeding for recusal

against U.S. Federal Judge Alan D Albright by filing the Emergency Motion for Recusal. Dkt. No. 9. Accordingly, all conditions for full scope of injunction have been met as a direct result of Marice Schreck's actions taken in concert or at the behest of Mr. William M. Windsor. Thus, the Court now enforces Judge Thrash's injunction and deems the Motion to Recuse frivolous.

**IT IS HEREBY ORDERED:**

1) The Motion to Recuse is presumed frivolous, filed without bond in violation of an existing injunction, and hereby **DENIED** with leave to re-file with the appropriate bond below.

2) The Court hereby **ENJOINS** Marice Schreck from any further motion in this case without a $50,000.00 cash bond or a $50,000.00 corporate surety bond.

**MOTION TO RECONSIDER DENIED WITH PREJUDICE**

The Court considers Motion for Reconsideration of Omnibus Order and **DENIES** it with prejudice. Dkt. No. 11 ("Renewed Motion").

On February 16, 2022, Marice Schreck filed the Renewed Motion (Dkt. No. 11) for Reconsideration of the Omnibus Order (Dkt. No. 7), which itself denied the February 1, 2022 Motion for Reconsideration (Dkt. No. 4). The Renewed Motion repeats the same arguments without addressing the deficiencies identified by the Court in the Omnibus Order. Moreover, the Renewed Motion is not properly signed by an admitted attorney compliance with the United States Code, the Federal Rules of Civil Procedure, and this Court's local rules. *Speed v. Am.'s Wholesale Lender*, No. 3:14-CV-3425-L, 2014 WL 4755485, at *2 (N.D. Tex. Sept. 24, 2014); 28 U.S.C. § 1654; *see also* https://www.txwd.uscourts.gov/for-attorneys/attorney-admission. Accordingly, the Renewed Motion is **DENIED WITH PREJUDICE**.

## **MOTION TO PROCEED AS NEXT FRIEND DENIED**

The Court next considers Marice Schreck's Motion to Proceed as Next Friend of Wanda Dutschmann (Dkt. No. 10) ("Motion for Next Friend"). The Court **DENIES** the Motion to Proceed with leave to re-file as an opposed motion after both 1) all parties have been properly served or waived service and 2) Marice Schreck provides bond in accordance with the injunction above.

The Motion for Next Friend is properly and sufficiently signed by Marice Schreck *pro se*. However, the Motion for Next Friend suffers from a basic deficiency inherent in other motions filed so far in this case: it seeks *ex parte* relief but fails to overcome the Court's strong disfavor given to *ex parte* motions.

So far, none of the over fifty defendants have been properly served.[1] No executed summons or waivers of service have been docketed. None of the defendants have yet filed an Answer admitting to any fact in the complaint, so the Court treats all pleaded facts as contested. Thus, the Motion for Next Friend (and all other motions to date) are *ex parte* motions because the other Defendants are not yet served and do not have an opportunity to respond.

The Supreme Court has ruled, "[i]n our adversary system, *ex parte* motions are disfavored." *Ayestas v. Davis*, 138 S. Ct. 1080, 1091, 200 L. Ed. 2d 376 (2018). This is because *ex parte* deprive the opposing party fair notice and an opportunity to be heard, fundamentally undermining the adversarial process. As a result, federal courts find that "[e]x parte motions are rarely justified." *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001); *Alamo Area Mut. Hous. Ass'n, Inc. v. Lazenby*, No. 5:17-CV-634-DAE, 2017 WL 7052289, at *4 (W.D. Tex. July 19, 2017) ("Courts strongly disfavor *ex parte* motions").

---

[1] The Certificate of Service attached to page 56 of the Complaint fails to comply with Fed. R. Civ. P. 4.

Accordingly, the Court analyzes the Motion for Next Friend with strong disfavor. Fundamentally, the Motion for Next Friend provides no justification for its *ex parte* status and gives no reason why the Court should deprive the defendants an opportunity to respond and be heard. Even though Marice Schreck's other motions seeks "emergency" relief, she has yet to serve the defendants after filing the case on January 25, 2022. Nothing hindered Marice Schreck from properly serving the defendants in this case and giving those defendants an opportunity to deny allegations or challenge facts in supporting declarations. Because core relief sought by the complaint stems from disputes centered around the power of attorney for Wanda Dutschmann and which of her relatives should care for and represent her, granting *ex parte* relief would circumvents trial and the entire adversarial process. Dkt. No. 1-1 at 116. Granting the requested relief would effectively grant summary judgment in favor of Marice Schreck before the defendants even have an opportunity to answer and dispute facts. *See* Fed. R. Civ. P. 56 (summary judgment is not proper when there are disputed materials facts). Here, given the procedural posture of this case before service of any defendant, the Court must assume that the defendants deny all facts in the complaint that can be plausibly denied in view of exhibits 487, 483, 343, and 348 and find all disputed facts in favor of the non-moving party.

Moreover, the Motion for Next Friend lacks supporting evidence. Attached exhibits 487, 483, 343, and 348 do not support the full scope of facts contained in the Motion for Next Friend. The Motion for Next Friend also appends a Declaration by Marice Schreck. Dkt. No. 10 at 10. It declares that "the foregoing is true and correct based upon my personal knowledge." These facts include, in its entirety, "My name is Marice Schreck. My date of birth is December 26, 1959. My address is 6302 Oakcrest Lane, Amarillo, Texas 79109, Randall County, USA." This declaration also fails to support the facts in the Motion for Next Friend.

The Court considers but dismisses the possibility that the appended Declaration by Marice Schreck instead refers facts in paragraphs 1-47 of the Motion for Next Friend.  The Court dismisses this possibility because the Declaration would improperly encompass legal conclusions, prayers, jurisdictional arguments, and other types of statements inappropriate for inclusion in a sworn declaration.

Accordingly, the Motion for Next Friend is **DENIED** and may be re-filed as an opposed motion only after both 1) all parties have been properly served or waived service and 2) Marice Schreck provides bond in accordance with the injunction above.

## CONCLUSION

Marice Schreck filed a complaint alleging serious harms against Wanda Dutschmann, but Marice Schreck's actions to date have severely undermined her allegations.  Rather than apply for admission to practice in this court or finding pro bono counsel to ensure that her case is properly filed and timely considered, Marice Schreck instead chose to work with Mr. William M. Windsor, a known vexatious litigant whose filings are presumed frivolous by courts.  As a result, the injunction against Mr. Windsor and the presumption of frivolous filings have now attached to Marice Schreck's case.  Aside from this presumption, the *ex parte* motions filed so far have all been frivolous for failing to respect the basic principles of the adversarial system and caused the Court to rule against her motions with strong disfavor.

**IT IS HEREBY ORDERED:**

1) All pending motions are **DENIED**.

2) Marice Schreck is **ENJOINED** from any filing any further motion in this case without a $50,000.00 cash bond or a $50,000.00 corporate surety bond.

3) Marice Schreck is **FURTHER ENJOINED** from filing any motion before properly

serving all defendants or receiving all waivers of service.

4) If no bond is posted by March 31, 2022, this case will be **DISMISSED WITH PREJUDICE**.

SIGNED this 23rd day of February, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

Case 6:22-cv-00094-ADA-JCM Document 13 Filed 02/23/22 Page 8 of 9

Windsor v. Hatten, Not Reported in Fed. Supp. (2018)

2018 WL 830174
Only the Westlaw citation is currently available.
United States District Court, N.D. Georgia, Atlanta Division.

William M. WINDSOR, Plaintiff,
v.
James N. HATTEN, et al., Defendants.

CIVIL ACTION FILE NO. 1:11-CV-1923-TWT
|
Signed 02/12/2018

**Attorneys and Law Firms**

William M. Windsor, Leesburg, FL, pro se.

Christopher J. Huber, U.S. Attorneys Office, Atlanta, GA, for Defendants.

OPINION AND ORDER

THOMAS W. THRASH, JR., United States District Judge

 ***1**  This is a pro se civil action against the Clerk of this Court and various judges of this Court and the Eleventh Circuit Court of Appeals and others. It is before the Court on the Plaintiff William Windsor's Motion to Modify Injunction [Doc. 225]. As a result of the Plaintiff's overly burdensome, vexatious, and frivolous litigiousness, this Court previously issued an injunction prohibiting the Plaintiff from filing any further actions without prior approval from a federal district court. The Plaintiff complains that the injunction is overly broad, and now petitions the Court to modify it in four ways, in order to clarify that 1) appeals of existing cases are not covered, 2) approval is not required for criminal complaints or protective orders, 3) the injunction does not cover state court matters, and 4) to eliminate the bond requirement. The Plaintiff's motion is GRANTED in part, and DENIED in part. The Court's injunction is hereby modified to read as follows:

IT IS HEREBY ORDERED that the Plaintiff, William M. Windsor, and any parties acting in concert with him or at his behest, are PERMANENTLY ENJOINED from filing any complaint or initiating any proceeding, including any new lawsuit or administrative proceeding, in any court (state or federal) or agency in the United States without first obtaining leave of a federal district court in the district in which the new complaint or proceeding is to be filed. In seeking such leave, the Plaintiff must present any such court with a copy of this Order. If the lawsuit or administrative proceeding names federal judges or court employees, the Plaintiff must also tender a $50,000.00 cash bond or a $50,000.00 corporate surety bond sufficient to satisfy an award of Rule 11 sanctions since such actions are presumably frivolous.

The above restrictions do not apply to appeals in actions already in existence on July 15, 2011, criminal complaints, or petitions for protective orders the Plaintiff feels necessary to protect his personal safety. However, any proceedings—whether criminal or civil—initiated against any judge or government employee for actions taken in the course of their official duties are still enjoined according to the restrictions outlined above. Failure to obey this Order, including by attempting to avoid or circumvent the intent of this Order, will be grounds for sanctions including contempt.

SO ORDERED, this 12th day of February, 2018.

Case 6:22-cv-00094-ADA-JCM   Document 13   Filed 02/23/22   Page 9 of 9

**Windsor v. Hatten, Not Reported in Fed. Supp. (2018)**

**All Citations**

Not Reported in Fed. Supp., 2018 WL 830174

---

**End of Document**                                                      © 2022 Thomson Reuters. No claim to original U.S. Government Works.